IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMBER J. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>CANDICE OSTERMAN (Child and Family Services) and EMILY McVEY (Child and Family Services),<br><br>Defendants. | CV 18-00019-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Amber Williams filed a Complaint alleging Defendants unlawfully removed her children from her custody.  (Doc. 2.)  On February 15, 2018, this Court issued an Order finding that the Complaint was subject to dismissal because Ms. Williams failed to provide sufficient factual information for the Court to determine whether it has jurisdiction over this matter and because she failed to state a federal claim for relief.  (Doc. 4.)  She was given until March 16, 2018 to file an amended complaint but she failed to do so.

Accordingly, for the reasons set forth in the Court's February 15, 2018 Order (Doc. 4), the Court finds that Ms. Williams has failed to state a federal claim

1

upon which relief may be granted, and therefore issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Williams may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Ms. Williams is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of
Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed
until entry of the District Court's final judgment.

DATED this 9th day of April, 2018.


_/s/ John Johnston_____
John Johnston
United States Magistrate Judge